UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| vs. | : | |
| | : | |
| KENNETH WELCH | : | NO.  05-618-1 |

Gene E.K. Pratter, J.                                                                                             November 5, 2007

### MEMORANDUM AND ORDER

Kenneth Welch, along with his co-defendant, John Saybolt, was indicted for having masterminded and effectuated a scheme of preparing and filing false, fictitious and fraudulent claims for federal tax refunds.  Their efforts involved the recruitment and cooperation of others. Specifically, Mr. Welch was charged in Counts one (1) through thirty-six (36) of the indictment. Following various pre-trial procedures, Messrs. Welch and Saybolt went to trial before a jury, commencing on January 9, 2007.  The trial concluded on January 19, 2007 with the jury returning a verdict finding Mr. Welch guilty on all counts and also finding Mr. Saybolt guilty on all counts.

Thereafter, Mr. Welch timely perfected his F.R.Cr.P. 29(c) motion to renew his earlier Rule 29(b) motion for judgment of acquittal.  Mr. Welch had also earlier moved pursuant to Rule 29(a).  Mr. Welch now also invokes Rule 33 to move for a new trial and Rule 34 to move for an arrest of judgment.  Counsel for Mr. Welch initially requested the Court to refrain from addressing these motions to allow counsel additional time to finalize the arguments on behalf of Mr. Welch with the benefit of a copy of the trial transcript.  The Court has received no further

submissions on behalf of Mr. Welch in this regard. However, inasmuch as (1) the transcript was made available on April 5, 2007, (2) the Government has availed itself of the transcript to file its responsive brief in opposition to Mr. Welch's arguments, and (3) the sentencings for Messrs. Welch and Saybolt are now scheduled for November 14 and 16, 2007, the Court will proceed to address Mr. Welch's various pending motions and arguments. For the reasons addressed below, Mr. Welch's multi-faceted motion (Doc. No. 117) is denied.

I.      **Defense Motion Regarding Materiality As An Element in 18 U.S.C. §§ 286 and 287**

Mr. Welch embraces an argument earlier made by his co-defendant, Mr. Saybolt, namely, that because the indictment did not allege, and the Court did not specifically charge the jury, as to any issue of materiality of the false, fictitious and fraudulent statements in the tax refund claim submissions, the conviction for violating 18 U.S.C. §§ 286 and 287 can not stand.

In its November 13, 2006 Memorandum and Order (Docket No. 55), the Court rejected the effort to dismiss the indictment on this ground. Mr. Welch has provided no new, different or otherwise useful argument or authority for the Court to consider on this point, and the Court perceives none. Therefore, this basis for Mr. Welch's post-trial motion(s) will not be adopted for the reasons set forth in the Court's prior ruling on this issue.[1]

---

[1] The Government suggests that even if there was a "materiality" element to a prosecution under Sections 286 and 287 of Title 18 of the United States Code, the failure to so charge the jury on materiality would have been harmless error because evidence of the materiality of the false, fictitious and fraudulent statements in the refund claims at issue was overwhelming, citing United States v. Vazguez, 271 F.3d 93 (3rd Cir. 2001). Unfortunately, the Government did not specify the evidence that would justify such a conclusion. Nonetheless, here, of course, the very "information" that was intended to trigger a tax refund was itself false, fictitious and fraudulent, namely, that the submitting taypayer operated a specific business - - a business that did not in fact exist at all - - that would be entitled to seek the refund. In other words, in this prosecution, the very statements that would lead to the refund were the statements that had been concocted out of whole cloth. As such, the materiality of the operative statements in each false refund claim was

**II.     Sufficiency Of The Evidence**

A.     Mr. Welch argues that the evidence presented at trial was not sufficient to permit the jury's conclusion that he participated in the conspiracy and/or aiding and abetting the submission of false, fictitious and fraudulent tax refund claims.

There is no disagreement as to the legal standard applicable to this argument. In a post-verdict motion for judgment of acquittal, the Court is obliged to review the record in the light most favorable to the prosecution, recognizing that such a motion can be granted only where the evidence does not support the conviction. U.S. v. Dixon, 658 F.2d 181, 188 (3rd Cir. 1981). The legal standard under Rule 33 motion for a new trial is similar. Id. at 193. See also, U.S. v. Suggs, 230 Fed. App'x 175, 183 (3d Cir. 2007).[2]

Here, the jury's conclusion that Mr. Welch participated in, and aided and abetted the charged conspiracy was supported by sufficient evidence of the agreement of Messrs. Welch and Saybolt to commit fraud on the Internal Revenue Service by preparing and submitting wholly false and fictitious returns and refund claims in order to secure and cash refund checks. Evidence

---

inescapable and, indeed, overwhelming.

[2]Rule 33 authorizes the Court to grant a new trial "where there is a finding of trial error, including the introduction of prejudicial testimony, as well as when the trial court does not believe that the evidence supports the jury's verdict." Id. Such a conclusion is rare, and a new trial should be granted sparingly and only to remedy a miscarriage of justice. United States v. Copple, 24 F.3d 535, 547 n. 17 (3rd Cir. 1994). In the Third Circuit, "a district court 'can order a new trial on the ground that the jury's verdict is contrary to the weight of the evidence only if it believes that there is a serious danger that a miscarriage of justice has occurred--that is, that an innocent person has been convicted.'" U.S. v. Davis, 397 F.3d 173, 181 (3d Cir. 2005) (quoting U.S. v. Johnson, 302 F.3d 139, 150 (3d Cir. 2002). Mr. Welch's argument for a new trial is primarily the same as his argument for a judgment of acquittal, namely, the insufficiency of the evidence. Mr. Welch's additional ground for his argument for a new trial is addressed infra.

presented by several different witnesses recounted Mr. Saybolt's co-conspirator statements about the proposed tax fraud scheme and the substantive refund document preparation role and pay-out participation of a third man, living in the Boston area who Mr. Saybolt had met in jail.  See, e.g., Clements, N.T. Day 1 at 80: Jakeman, N.T. Day 1 at 125-26; Taylor N.T. Day 1 at 178-80; Wanner, N.T. Day 5 at 94-5.  Documentary evidence, specifically Govt. Ex. 103, confirmed that Messrs. Saybolt and Welch indeed had been in jail together.  Mr. Welch's own recorded statements to Government witness Eric Maier at a time when Mr. Welch was aware of the investigation leading to this prosecution confirmed that Mr. Welch had prepared all of the refund claims then being investigated.  This admission was consistent with the visual review of the fraudulent documents themselves.  See Govt. Ex. 387.  In addition, documents secured from Mr. Welch's home underscored Mr. Welch's knowledge of the amounts of the false refund claims filed in the names of two of Mr. Saybolt's recruits, Ms. Zabawa and Mr. Dalla Gassa.  N.T. Day 6 at 98-99.  The jury also was permitted to draw inferences within the confines of F.R.Ev. 404(b) from certain earlier filed fraudulent tax returns matters in which Mr. Welch had been involved demonstrating a strikingly similar method of operating a scam such as the one at issue here.  Moreover, the Government also presented the jury with evidence of telephone calls between phone numbers registered to Messrs. Welch and Saybolt that took place within a close time frame to the issuance of the ill-gotten tax refund checks here.

      The foregoing evidence - - even if it stood alone, which it does not - - was sufficient for the jury to conclude, without conjecture or speculation, beyond a reasonable doubt that Mr. Welch and Mr. Saybolt agreed to and shared a unity of purpose to commit illegal acts of preparing, filing and financially benefitting from false, fictitious and fraudulent federal tax refund

claims, meeting all of the prerequisites of the applicable law.  The cases cited by Mr. Welch do not undermine the Court's conclusion.

      B.      Mr. Welch also bases his motion on the argument that the evidence was not sufficient to convict him on Counts 2 through 35, the so-called substantive counts which required proof that Mr. Welch made or presented the false, fictitious or fraudulent claims to the Internal Revenue Service and that Mr. Welch knew the claims were false, fictitious or fraudulent.  See, e.g., United States v. Gumbs, 283 F.3d 128, 131 (3rd Cir. 2002); U.S. v. Catena, 500 F.2d 1319 (3d Cir 1974).  Recognizing that in his intercepted recorded admissions to Eric Maier, Mr. Welch admitted preparing the lion's share of the refund claims at issue make the argument for a judgment of acquittal problematic for many of the substantive counts, Mr. Welch takes aim at certain of them that involved refund claims that did not precisely follow the prototypical methodology.  Specifically, Mr. Welch argues that he should not have been convicted for Count 33 which involved an electronic refund claim (and, hence, did not contain the same handwriting identified as Mr. Welch's as did all the others that were the subjects of Counts 2-32 and 34-36).  The Government correctly responds that, as an initial proposition, the Taylor refund that is the subject of Count 33 would have had to be prepared by someone who had Taylor's identification information, had control of a New York address and who was familiar enough with the tax laws to use coherent values on the "Taylor" refund claim form.  At trial, evidence was presented that Mr. Welch received Mr. Taylor's identification data from Mr. Saybolt, and received from Eric Maier the New York address used on the "Taylor" refund claim.  And, of course, Mr. Welch (as the jury was informed) was an accountant with experience in taxation.  From all of this evidence the jury could properly convict Mr. Welch on Count 33.

The refund claims at issue in Counts 4, 12-15 and 25-27 were filed in the names of taypayers who did not testify at trial.  For that reason, Mr. Welch seeks judgments of acquittal on each of those counts.  Here, too, the Court concludes that the evidence presented at trial was sufficient for the jury to convict.

Mr. Welch neglects to consider the trial testimony of the I.R.S. fraud investigator, Jolene Daroff, and Postal Service witness who explained the bases of their conclusions that the subject filings were part of the fraud scheme.  The Government's witnesses pointed out that none of the supposed businesses referenced on the filings had real addresses, none had any assets, and none were located where they were supposed to be.  Yet, all of them sought fuel tax credits, i.e., refunds. Eric Maier testified that all of them were written in Mr. Welch's hand with which he was familiar.  The phone records introduced into evidence documented Welch-Saybolt phone traffic contemporaneous with the receipt and cashing of checks relating to several of these returns.  See Govt. Ex. 396; Royds N.T. Day 5 at 182-187.  In addition, the process by which some of these refund checks were cashed replicated the cashing procedures of others of the fraudulently secured refunds, including cashing them at the very same checking cashing service frequented by co-conspirator Saybolt in "assisting" the nominal taxpayers cash fraudulently obtained refund checks in a host of other instances that made up part of this prosecution.  Thus, Mr. Welch's motion as to Counts 4, 12-15 and 25-27 is unsuccessful.

Mr. Welch also argues that as to all counts save 1, 17 and 30 the evidence was not sufficient to permit the jury to conclude that he had the requisite knowledge of the false presentment of the refund claims.  Mr. Welch compares this case to United States v. Gumbs, supra and argues that like the subcontractor in Gumbs, the evidence would not have permitted the

6

jury to conclude that he knew the false claims would be submitted to the IRS.  To accept Mr. Welch's argument on this point, given all the other evidence discussed above, the Court would have to conclude that the jury should have determined that Mr. Welch could believe that he would have been financially rewarded simply by filling out government forms and merely supplying those forms to Mr. Saybolt without having any thought whatsoever about the next step, namely, Mr. Saybolt's and/or the nominal taypayer filers' submission of the claims to the federal government where federal tax returns are filed and from whence refunds are received.  Given all the evidence at trial, and recognizing the jury's entitlement to bring to bear on that evidence their common sense, it was entirely reasonable for the jury to conclude that Mr. Welch knew only too well how his handiwork would be used and to what illegal end.  Thus, the Court will deny Mr. Welch's motion on this ground as well.

### III.     Rule 33 Motion For New Trial

To the extent Mr. Welch's motion for a new trial is based upon the reasons addressed above, the Court is equally unpersuaded that there are appropriate grounds for such an extraordinary result.  However, Mr. Welch makes one additional argument for a new trial that must be considered.

During the trial the Government called David LaBrecque to testify.  When Mr. LaBrecque appeared in the courtroom it was clear from his garb and mode of arrival that he was a detainee. In the course of his testimony, Mr. LaBrecque gratuitously[3] stated that he saw Mr. Welch "coming out of a holding cell."  N.T. Day 3 at 60.  The statement was unaccompanied by any

---

[3] Mr. Welch does not argue that this statement by Mr. LaBrecque was elicited deliberately or otherwise expected by the Government.

highlighting or accentuation of extra attention or emphasis.  When this happened, counsel for Mr. Welch promptly argued that there was a fair inference for the jury to conclude that Mr. Welch was being detained during the trial, an inference sufficiently prejudicial to warrant a mistrial according to counsel.  The Court denied the request for a mistrial.  Instead, at the defense contemporaneous request, the Court gave an immediate curative instruction to the jury to disregard the statement by Mr. LaBrecque.

Ordinarily, the Court may "presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the Court's instructions, and a strong likelihood that the evidence would be devastating to the defendant."  Greer v. Miller, 483 U.S. 756, 767 n8 (1978) (internal citations omitted).  Here there is no reason for concern that the jury would not have followed the Court's immediate curative instruction.  There is no reason to perceive any likelihood that Mr. LaBrecque's passing comment was potentially harmful, much less "devastating," to Mr. Welch.  The curative instruction was sufficient for the circumstance.  Thus, there is no single or cumulative circumstance from this trial to merit a new trial for Mr. Welch.

For the foregoing reasons Mr. Welch's post-trial motion for judgment of acquittal, a new trial and/or arrest of judgment is denied.

BY THE COURT:


  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
*United States District Judge*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| vs. | : | |
| | : | |
| KENNETH WELCH | : | NO. 05-618-1 |

## ORDER

**AND NOW**, this 5th day of November, 2007, upon consideration of Defendant's Motion for Renewed Rule 29 Motion, Rule 33 Motion for a New Trial, and/or for an Arrest of Judgment (Docket No. 117), and the Government's response thereto, the Motion is hereby **DENIED** for the reasons set forth in the Memorandum of even date.

BY THE COURT:

  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
*United States District Judge*

9