# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. 05-CR-618-1 |
| vs. | : | |
| | : | CIVIL ACTION NO. 11-CV-159 |
| KENNETH WELCH | : | |

Gene E.K. Pratter, J.                                                                                       March 15, 2011

## MEMORANDUM

Invoking 28 U.S.C. § 2255, Kenneth Welch seeks a reduction of the sentence the Court imposed following his conviction by a jury of conspiracy to defraud the United States government by submitting false claims to the Internal revenue Service and 35 counts of false claims to the Internal Revenue Service. Because his challenge raises no arguments not previously addressed – and rejected – by this Court and abandoned before or rejected by the Court of Appeals, Mr. Welch's Motion (Doc. No. 182) is denied.

## Background

The grand jury indicted Mr. Welch and his co-defendant for violations of 18 U.S.C. §§ 286 and 287, as well as aiding and abetting. The pair unsuccessfully challenged the language of the indictment for a failure to charge materiality and Mr. Welch also filed a number of motions in limine on certain evidence issues that also were denied. After the jury returned guilty verdicts as to both defendants, Mr. Welch filed a Rule 29 motion that was denied.

On November 16, 2007, following issuance of notice of the Court's consideration of an upward departure and/or enhancement pursuant to various guideline provisions relating to the sophisticated means used by Mr. Welch for the criminal conduct at issue as well as to identity fraud, the Court conducted a lengthy sentencing hearing. The Court determined that Mr. Welch

had earned a sentence of incarceration for 120 months on the conspiracy count and 60 months for each of the remaining counts, to be served concurrently. In addition, Mr. Welch's sentence included 3 years of supervised release, a $145,525 restitution order and a $3,600 special assessment. The Court did not impose a financial fine. Having determined that, under the guidelines, Mr. Welch had a total offense level of 26 and, due to an extensive criminal history marked by numerous convictions for fraud, a criminal history category of VI, the Court imposed a period of imprisonment at the bottom of the 120 to 150 month Guideline range.

Mr. Welch's conviction was affirmed by the Court of Appeals, United States v. Saybolt, 577 F.3d 195 (3d Cir. 2009), and his petition of certiorari to the Supreme Court was denied, Welch v. United States, 130 S. Ct. 1107 (2010). He timely filed this petition for collateral review.

**Discussion**

Mr. Welch argues that his sentence should be reduced because:

1. His criminal history category of VI over-represented the seriousness of his prior crimes;

2. He was old enough that he would be unlikely to continue to commit crimes;

3. The Guideline § 3B1.1(a) (role in the offense) and § 2B1.1(b)(9)(c) (sophisticated means) enhancements were imposed in error; and

4. Admission of evidence at trial of his prior crimes was an abuse of discretion.

As discussed below, these four issues were either already litigated unsuccessfully on appeal or abandoned in that appellate proceeding. For the issues raised in Mr. Welch's § 2255 petition that were abandoned on appeal, Mr. Welch's § 2255 motion premised on these issues is

unavailing unless he can show that failure to raise them on appeal was the result of ineffective legal counsel and caused him actual prejudice. United States v. Mannino, 212 F.3d 835, 840 (3d Cir. 2000); United States v. DeRewal, 10 F.3d 100, 103-05 (3d Cir. 1993) (discussing the "cause and prejudice" standard articulated in United States v. Frady, 456 U.S. 152, 167-68 (1982), under which procedural defaults are analyzed). In other words, it is incumbent upon Mr. Welch to show that the failure to raise these issues on appeal rises to the level of a constitutional deprivation. Strickland v. Washington, 466 U.S. 668 (1984). This he cannot do.

Regarding Mr. Welch's argument that guideline enhancements were imposed in error, "[i]t is well settled that a petitioner generally may not relitigate issues that were decided adversely to him on direct appeal by means of a Section 2255 petition." Sonneberg v. United States, No. 01-2067, 2003 WL 1798982 (3d Cir. Apr. 4, 2003) (citing DeRewal, 10 F.3d at 105 n.4). Mr. Welch presented the sentencing issues of sophisticated means and role in the offense to the Court of Appeals, which rejected them. United States v. Saybolt, 577 F.3d at 197 n.1. Hence, these issues are no longer available for review via a Section 2255 petition. DeRewal, 10 F.3d at 105, n.4.

With respect to the argument concerning the seriousness of his criminal history, Mr. Welch's trial counsel did indeed raise this issue at the sentencing hearing. See Sentencing Hr'g Tr. 81-87, Nov. 16, 2007. In fact, the litany of his fraud crimes between 1982 and 1995 – including the filing of false claims for IRS refunds from prison and the commission of the crimes at issue in this trial less than two years from his release from prison for a fraud conviction – was the focus of much of the sentencing hearing. Far from raising a concern of over-dramatizing his criminal history or his risk of recidivism, Mr. Welch's history presented the fearsome,

3

unrelenting picture of a man who enjoyed trying to defraud the government and even gained some kind of personal pride from the effort. He demonstrated no likelihood of learning any lessons from prior punishments. See id., 118-19. As to Mr. Welch's argument that his age is an impediment to recidivism, the Court concluded that age would be no impediment to continued scheming of the type for which he was convicted.

After being unsuccessful at his sentencing with these arguments, he did not pursue them in his appeal. As the Government correctly argues, abandonment of these issues on appeal was not unreasonable. Govt.'s Br. at 4-5. The Court of Appeals would not have had jurisdiction to review the sentencing court's decision on these issues. United States v. Wilson, 46 F. App'x 93, 97 (3d Cir. 2002); United States v. McQuilkin, 97 F.3d 723, 729 (3d Cir. 1996). Moreover, in any event, this Court's sentencing ruling would otherwise have been subject to a highly deferential standard. United States v. Livingston, 63 F. App'x 617, 619 (3d Cir. 2003); United States v. DeLaurentis, 47 F. App'x 170 (3d Cir. 2002). Accordingly, even though these criminal history and personal characteristics enhancement issues – or the related issue of refusing a defense application for a downward departure – were not raised to the Court of Appeals, Mr. Welch's counsel's decision in that regard does not amount to any prejudice to Mr. Welch, and certainly does not present a constitutional deprivation under Strickland such that Mr. Welch can escape the conclusion that these issues were procedurally defaulted.

Mr. Welch also challenges now the Court's admission at his trial of evidence concerning certain of Mr. Welch's prior crimes. Mr. Welch himself acknowledges the admissibility avenue by which the Government navigated the use of this evidence, namely Federal Rule of Evidence 404(b) which permits the limited use of prior crimes to show, inter alia, intent and knowledge.

4

This is precisely how the Government proposed, and was permitted, to use at trial Mr. Welch's prior tax fraud convictions. United States v. Crawford, 376 F. App'x 185 (3d Cir. 2010); United States v. Boul, 57 F. App'x 35, 38 (3d Cir. 2002).

The Court's exercise of its discretion to permit the limited use of evidence of a portion of Mr. Welch's criminal history cannot reasonably be said to be clearly contrary to reason or unjustified by the evidence in the case or the Government's clearly articulated theories in the case. Mr. Welch has not demonstrated how this evidentiary ruling would have fallen prey to appellate review. See e.g., United States v. Butch, 256 F.3d 171, 175 (3d Cir. 2001); United States v. Balter, 91 F.3d 427, 437 (3d Cir. 1996); United States v. Bethancourt, 65 F.3d 1074, 1079 (3d Cir. 1995).

Moreover, in the absence of evidence of Mr. Welch's previous convictions for defrauding the Internal Revenue Service, the jury received more than ample evidence on which to unanimously find Mr. Welch guilty beyond a reasonable doubt; including documents found in Mr. Welch's dwelling delineating expected refunds on the fraudulent tax returns, phone records showing the communications between the co-conspirators, and even a recorded phone conversation in which Mr. Welch admits his offending conduct. The jury heard from several different witnesses all of whom linked the co-conspirators to the tax fraud scheme at issue. Thus, the evidence was entirely sufficient for the jury to conclude, without conjecture or speculation, beyond a reasonable doubt that Mr. Welch conspired to and did commit illegal acts of preparing, filing and financially benefitting from false, fictitious and fraudulent federal tax refund claims. Similarly, the Court is confident that the sentencing process as well as the sentence itself reflected fundamentally fair procedures that gave Mr. Welch a full opportunity to present himself

in the best possible light but also enabled the Court to fashion a sentence that was entirely reasonable for Mr. Welch as an individual without subjecting him to unwarranted harshness in punishment or irrational goals for sentencing.[1]

**Conclusion**

For all the foregoing reasons, Mr. Welch's petition pursuant to 28 U.S.C. § 2255 is denied. An order to that effect follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Welch also argues that his sentence should be reduced because the Court failed to avoid an unwarranted sentence disparity among defendants and the Court erred in its application of a sentence within the guideline range. These issues were not raised on appeal, and thus are subject to "cause and prejudice" procedural default analysis, particularly focusing on whether the failure to raise them on appeal constitutes ineffective assistance of counsel causing Mr. Welch actual prejudice. United States v. Mannino, 212 F.3d at 840. Mr. Welch's argument regarding the error of the Court in deciding to sentence him within his Guideline range is without merit, see Gall v. United States, 552 U.S. 38, 40 (2007) ("[W]hen a district judge's discretionary decision in a particular case accords with the sentence the United States Sentencing Commission deems appropriate 'in the mine run of cases,' the court of appeals may presume that the sentence is reasonable."), and this decision is subject to a highly deferential standard such that deciding not to raise it on appeal was a reasonable decision of Mr. Welch's counsel, United States v. Livingston, 63 F. App'x at 619. As to sentencing disparities, the Court appropriately considered this at sentencing, see Hr'g Tr. 122-23, and Mr. Welch's argument that his sentence is unfairly longer than that of his co-defendant is unavailing. See United States v. Henry, 310 F. App'x 498 (3d Cir. 2009).

The Court also notes that the Third Circuit Court of Appeals, upon careful review of the record and applicable law, saw no merit to Mr. Welch's contention that the sentence imposed was otherwise unreasonable. United States v. Saybolt, 577 F.3d at 197 n.1.